RECEIVED
JUL 17 2017
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| YELENA RYAN, ET AL. | * | CIVIL ACTION NO. 2:17-CV-00287 |
| | * | |
| v. | * | |
| | * | JUDGE JAMES T. TRIMBLE, JR. |
| CALCASIEU PARISH POLICE JURY, ET AL. | * | |
| | * | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Report and Recommendation (Rec. Doc. 18) in which the Magistrate Judge recommends that the plaintiffs' Motion to Remand (Rec. Doc. 8) be granted and that the plaintiffs' Motion for Attorneys' Fees (Rec. Doc. 8) be denied. Sasol Chemicals USA LLC (Sasol) filed an Objection (Rec. Doc. 20) and a Reply (Rec. Doc. 22-2) in opposition to the Report and Recommendation of the Magistrate Judge. The plaintiffs, Vernon Meyer and Carla Meyer (the Meyers), filed a Response to the Objection (Rec. Doc. 21). For the following reasons, the court will adopt the Report and Recommendation (Rec. Doc. 18), grant the plaintiffs' Motion to Remand (Rec. Doc. 8), and deny plaintiffs' Motion for Attorneys' Fees (Rec. Doc. 8).

The Meyers were granted leave to intervene in the original state court action in January 2015.[1] In their original Petition for Intervention, the Meyers brought claims against the Lake Charles Harbor and Terminal District ("the Port") for allegedly expropriating the Meyers' homestead in violation of the Louisiana State Constitution. In October 2016, the Meyers filed a Second Supplemental and Amended Petition for Intervention in which they alleged that Sasol diminished and/or made more inconvenient the Meyers' access to and enjoyment of their property

---

[1] Petition for Intervention (Rec. Doc. 20-1), p. 14.

1

in violation of Article 748 of the Louisiana Civil Code. In February 2017, Sasol removed the action based on diversity jurisdiction. The plaintiffs are all citizens of Louisiana or Florida, and all of the defendants except for Sasol are citizens of Louisiana.[2] Sasol is a citizen of Delaware and Texas. Sasol argues that removal based on diversity is proper because the Meyers' claims are greater than $75,000 and the Meyers' claims against Sasol were egregiously and improperly joined to the Meyers' claims against the Port. Under the doctrine of fraudulent misjoinder, Sasol contends that the court should sever the claims against the Louisiana defendants.

Shortly after removal, the Meyers filed a Motion to Remand and Motion for Attorneys' Fees arguing that Sasol's removal was untimely, that Sasol has not provided proof that the amount in controversy exceeds $75,000, that their claims against the Port and Sasol were properly joined in the same suit, and in the alternative, if the claims were improperly joined, the misjoinder was not fraudulent.[3] In its response to the Meyers' Motion to Remand, Sasol argued that removal was timely because the Meyers' acted in bad faith by waiting until October 2016 to join them to the suit and that the citizenship of the Louisiana residents should be disregarded under the theory of fraudulent misjoinder.[4]

After considering the arguments of the parties, the Magistrate Judge concluded that based on Louisiana joinder law that the claims against the Port and Sasol were improperly joined because based on the allegations in the Meyers' petitions, the Port and Sasol do not share "a community of interest."[5] However, the Magistrate Judge recommended that the Motion to Remand be granted

---

[2] A more complete description of the complex procedural history of this case is found in the Magistrate Judge's Report and Recommendation. (Rec. Doc. 18), pp. 1-5. The plaintiffs include the Meyers, Yelena Ryan, Denene White, and Stacy Ryan. The defendants include Sasol, Lake Charles Harbor & Terminal District, the Police Jury of Calcasieu Parish, and the Planning & Zoning Board of Calcasieu Parish.

[3] Memo. in Support (Rec. Doc. 8-1).

[4] Memo. in Opposition (Rec. Doc. 13).

[5] Report and Recommendation (Rec. Doc. 18), pp. 6-8.

2

because the misjoinder did not rise to the level of a fraudulent misjoinder.[6] The Magistrate Judge found that the claims against the Port and Sasol did have some palpable connection, making the joinder of the claims not egregious.[7] She also recommended that the Motion for Attorneys' Fees filed by the Meyers be denied because the lack of egregiousness regarding the misjoinder was "not so obvious an issue as to render removal unreasonable."[8] In her Report and Recommendation, the Magistrate Judge did not address the legal or factual sufficiency of the Meyers' argument that the removal was untimely.

Sasol objected to the Report and Recommendation arguing that by not addressing the timeliness of the removal, the Magistrate Judge implicitly found that the Meyers acted in bad faith and ergo the Meyers' misjoinder was egregious.[9] The Meyers responded to the Objection with essentially the same arguments raised during their Motion to Remand.[10]

A district court reviews a Magistrate Judge's recommendation regarding a Motion to Remand *de novo*.[11] After an independent review of the record, a *de novo* determination of the issues, and consideration of the parties' memoranda filed in regard to the Report and Recommendation, the court will adopt the Report and Recommendation in its entirety and writes only to address Sasol's contention that the Magistrate Judge tacitly found that the Meyers acted in bad faith. This argument has no merit.

---

[6] *Id.* at pp. 8-9.
[7] *Id.*
[8] *Id.* at p. 9.
[9] Objection (Rec. Doc. 20).
[10] Response to Objection (Rec. Doc. 21).
[11] *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

The Magistrate Judge did not address whether the removal was timely filed, and she was not required to address it.[12] The Magistrate Judge's silence on this argument is not a tacit acceptance of Sasol's bad faith theory and furthermore, the undersigned finds no evidence of bad faith by the Meyers in joining Sasol to this lawsuit. The Magistrate Judge recommended remand because the plaintiffs did not fraudulently misjoin the claims against Sasol and the claims against the Louisiana defendants. Based on this determination, the parties would not be completely diverse, and the court would not have subject matter jurisdiction. After determining that the court did not have subject matter jurisdiction, the Magistrate Judge did not need to resolve the timeliness of the removal. Likewise, this court finds that the case should be remanded because the parties were not fraudulently misjoined, and without complete diversity, the court does not have subject matter jurisdiction. Hence, it is unnecessary to determine the timeliness of the removal. Accordingly,

The Motion to Remand (Rec. Doc. 8) will be **GRANTED**, and the Motion for Attorneys' Fees will be **DENIED**.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 17 Day of July, 2017.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[12] Report & Recommendation (Rec. Doc. 18).